The Chancellor.
A decree was made in this case for the foreclosure and sale of certain mortgaged premises. The premises consist of eight acres and eighty-five hundredths of an acre of land, with a small dwelling house, of the estimated value of about two hundred and fifty dollars. The execution was directed to the sheriff of the county of Essex, and commanded him to sell so much of the mortgaged premises as might he necessary to raise the sum of three hundred and forty-five dollars, with interest from the first day of July, 1853, and the taxed costs. The sheriff advertised the property for sale on the 19th of February, 1856, and on that day sold the whole of the mortgaged premises to Jacob Skinkle, for the sum of $2100. On the day of sale, the amount due on the execution was about four hundred and fifty dollars, including the taxed costs and sheriff’s fees. A deed was executed, and delivered to the purchaser, the complainant was paid his money due on the decree, and the surplus *235 money, being upwards of sixteen hundred dollars, is subject to the order of the court. Aaron Morse, who claims to be entitled to the surplus money, as the owner of the equity of redemption in the mortgaged premises, has presented this petition. He asks that the sale may be set aside, and a resale ordered. The grounds of this application ave — first, that the sale was a surprise upon the petitioner; that he is nearly blind, and that, owing to a defect in eyesight, unable to read the newspapers, and that, in consequence of this, the advertisement of sale was not brought to his notice; and he alleges that the property, owing to the fact of there being no one present at the sale, interested in it, was sold much below its real value. Second, that the sale of the whole mortgaged premises was unlawful, for this reason — that the execution commanded the sheriff to sell so much of the mortgaged premises as might be necessary to meet the exigencies of the writ; that a small portion of the land, not having the dwelling house thereon, would have been sufficient for the purpose, and that, therefore, such sale was an abuse of authority by the sheriff, and should be so declared by the court, and for that reason be set aside, and a new sale ordered.
The first ground upon which the petitioner asks the interference of the court was not much pressed on the argument. It is very clear that there was no such surprise as entitles the petitioner to relief on that account. He was a party defendant to the foreclosure suit. He was served with a subpoena, and thirs had all the personal notice the law requires. It was his duty to have made inquiry as to the time of sale. The very fact of his defect of eyesight, so as to prevent his seeing the notice of sale in print, should have admonished him to rely upon other sources of information. It was his own neglect that prevented his knowing of the sale, and the neglect was such as ordinary prudence would have guarded against. Surprise is one of the grounds upon which the court interferes, and orders *236 a resale, when a party has suffered loss by the property’s having been sacrificed. But where the surprise is owing to the neglect of the party injured, and is of a character which would have been avoided by the' exercise of ordinary prudence, as a general rule, the court will not interfere. If the petitioner was surprised by the sale, he ought not to have been. The surprise was not created by misconduct or inadvertence of any third person, but by the sheer neglect and inattention of the petitioner himself.
As to the other ground upon which a resale is asked —because the sheriff sold the whole of the mortgaged premises to satisfy the decree, when a part of the same would have been sufficient for the purpose. The writ commanded the sheriff to sell so much of the mortgaged premises as might be sufficient to pay and satisfy the sum mentioned in the decree. Yery much emphasis was laid by the petitioner’s counsel on the language of the writ, to wit, “so much” of the premises. I do not think this language imposed any different duty upon the sheriff, as to the quantity of the premises to be sold, than if it had simply commanded him to raise the sum required out of the mortgaged premises. The peculiar language is not used by any direction of the statute. There are cases where the court, by virtue of the statute, may make a deciiee to sell the whole mortgaged premises, even where the whole sum secured by the mortgage is not due — as when it shall appear to the court that a part of the premises cannot be sold to satisfy the amount due without material injury to the remaining part of the mortgaged premises — the execution then commands the sheriff to sell the whole of the jn-emiscs; and the sheriff has no discretion in the matter. But when the sheriff is directed to sell so much of the mortgaged premises as may be necessary to satisfy the decree, or where he is directed, generally, to raise the sum out of the premises, his duty is to sell only so much of the premises as may be necessary to *237 satisfy the demand of his writ, provided a part can be conveniently and reasonably detached from the residue of the property. Furman v. Wilson, 6 J. C. R. 414, and cases there cited; Merwin et al. v. Smith et al., 1 Green’s Ch. Rep. 196.
But I cannot affirm the position contended for by the counsel of the petitioner — that the sheriff has no discretion ■whether he shall sell the whole of the property, or a part only, but that if the sum required can be raised out of a sale of part, he can sell no more, let the consequences to the residue be what it may. Such a construction put upon the duty of the sheriff would result necessarily in great oppression and mischief. The duty frequently devolves upon a sheriff of selling a property to raise an amount small in comparison to the worth of the whole property, where its chief value consists in its entirety, and where the cutting it up into parcels would be a wanton sacrifice of the property. Such instances are of frequent occurrence. It cannot be doubted that in such cases it is the duty of the sheriff' to sell the whole property. But it is enough for me to say, that for half a century this discretion has been exercised by the sheriff's. If it has over been questioned, there is no note of the case. Although the writ commands the sheriff to sell so much of the premises as may be necessary to satisfy the decree, it is discretionary with the sheriff to sell the whole or part of the premises for the purpose. But this discretion is subject to the control of the court. The question is — when will the court interfere with that discretion ? I think the answer is a plain one: only when it is abused by the sheriff. It cannot be that, in every sale, it would be proper for the court to weigh conflicting evidence, in order to ascertain whether the sheriff, in the manner of sale, had disposed of the property in the most judicious mode. If the manner of sale is so palpably injudicious as amounts to abuse of trust, it is a fraud upon the rights of parties interested. In such case it is the duty of the court to set aside the *238 sale. Was there such abuse in this case ? It is alleged that the property was sacrificed by being sold at a price much below its value. On this point the evidence is conflicting. The weight of evidence certainly is, that the property sold above the average price such property usually sells for at sheriff’s sale. Again it is said, that the sale of the whole property was unnecessary, and that the sale of the land without the house, and a small parcel attached to it, would have brought sufficient to satisfy the decree. The weight of the evidence is with the petitioner on this point. But this was not the only question that the sheriff, in the exercise of his discretion, was'to decide. This was one piece of property. It was not even separated into lots by partition fences. The house was not detached from the land by any marks — fence or otherwise — so that there could be said to be a house lot, as distinct from the whole tract. It was described in the mortgage as one piece of land. The witnesses, who think it might háve been sold in parcels to a better advantage, do not venture to say where the sheriff should have drawn the line, had he sold the land separate from the house. The weight of evidence is, that a part of the premises could not have been sold without material injury to the residue : and after all, that is the important question. As the case is presented to me by the evidence, I cannot say the sheriff abused his discretion in selling the property. There is no evidence to cast the slightest suspicion upon the integrity of the sheriff in conducting the sale. There certainly was no intention, on his part, to do a wrong to any one. There was no such negligence or inattention, on his part, as amounts to dereliction of duty. I do not feel authorized to interfere with the sale.
Another question is presented by the petition — and that is, as to who is entitled to the surplus. As that matter is presented by the case, as it is now before me, I have no doubt upon the question. Both parties requested a suspension of judgment on that matter, and I am willing to hear them further, if either party desires it.